IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE A. SANDERS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 12-581-CG-N |
| WARDEN TREY OLIVER, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus (doc. 1) on September 11, 2012.  Petitioner also filed a substantially identical petition in civil action 13-80-CG-M, which was consolidated into the instant action by order (doc. 11) dated March 1, 2013.

By order (doc. 10) dated February 19, 2013, the undersigned ordered petitioner to Show Cause why his habeas petition should not be dismissed for failure to exhaust state remedies. That order required petitioner to respond no later than March 27, 2013.  However, to date, no response has been filed in this court.  The court finds that plaintiff has failed to comply with the order, and has failed to demonstrate that he has exhausted his state court remedies prior to filing this habeas petition or to establish any other reason why this habeas action should not be dismissed on that basis.

Petitioner challenges the criminal charge upon which he is being held, specifically failure to register as a sex offender.  Petitioner claims that he was homeless at the time of his arrest and that he was not allowed to utilize the registration procedure set forth in the Alabama statute. Petitioner does not challenge his detention except on the merits of the criminal charges.  Plaintiff had not been tried on that charge at the time of the filing of the petition, and thus the state court

had not reached any determination on the merits of the charge or petitioner's defense; despite the order to show cause, petitioner has not shown that the state charge has been adjudicated, let alone that he has utilized his right to appeal or to bring a Rule 32 petition before the state courts.

As the court stated in its prior order, it appears that petitioner's claim is governed by the requirements of 28 U.S.C. §2254. Among those requirements are that, before filing a petition under that section in this court, plaintiff must exhaust his state remedies[1] and must show that the state court judgment was in violation of clearly established Federal law.  28 U.S.C. §§2254(b)(1), (d)(1)and (e)(1).  As such, upon the record presented, the court finds that the instant petition is subject to dismissal.

Alternatively, were petitioner's claim cognizable under 28 U.S.C. §2241, he would nonetheless be required to exhaust his state remedies before bringing the action in federal court. He has not allowed the state courts the opportunity to consider his claims.  The fundamental interests underlying the exhaustion doctrine thus have not been satisfied.  *See e.g.* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)(exhaustion doctrine requires opportunity for state court to rule first on state and federal claims).

Accordingly, it is hereby RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his state remedies.  Alternatively, as the court is aware of no reasonable alternative means to obtain petitioner's compliance and to move this case forward, the court RECOMMENDS that this action be dismissed for failure to follow the orders of this court.

---

[1] Subsection (c) provides in pertinent part that a petitioner has not "exhausted the remedies available in the court of the State… if he has the right under the law of the State to raise, by any available procedure, the question presented."

*See* **Magistrate Judge's Explanation of Procedural Rights, attached, for important** information on how to proceed.

**DONE** this the 12th day of April, 2013.

/s/  Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C.§ 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a
> dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. §1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.